10-344-ag
Ryjikov v. Holder

BIA
McManus, IJ
A073 173 735

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT: DENNIS JACOBS,
    *Chief Judge,*
   JOSEPH M. McLAUGHLIN,
   ROBERT D. SACK,
    *Circuit Judges.*

_____

SERGUEI RYJIKOV,
  *Petitioner,*

   v.          10-344-ag
               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
  *Respondent.*

_____

FOR PETITIONER:  Jay Ho Lee, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Charles S. Greene III, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Serguei Ryjikov, a native of the former USSR and citizen of Israel, seeks review of a December 31, 2009, decision of the BIA affirming the March 27, 2008, decision of Immigration Judge ("IJ") Margaret McManus denying Ryjikov's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Serguei Ryjikov*, No. A073 173 735 (B.I.A. Dec. 31, 2009), *aff'g* No. A073 173 735 (Immig. Ct. N.Y.C. Mar. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Ryjikov's claim for relief from removal centers on attacks he suffered in Israel, in which he alleges he was

2

targeted as a Russian and a Christian.  The government argues that he forfeited any argument that his attackers might have had mixed motives, because Ryjikov failed to specifically argue that point before the BIA.  However, a petitioner is not restricted to the "exact contours" of the argument made to the agency.  *Gill v. INS*, 420 F.3d 82, 85-86 (2d Cir. 2005).  Since Ryjikov properly raised the motivation of his attackers before the agency, the mixed motive issue was sufficiently exhausted.  *Id.*

To establish eligibility for asylum or withholding of removal, an applicant must establish past persecution, a well founded fear of future persecution, or a likelihood of future persecution by either the government or private individuals that the government "is unable or unwilling to control."  *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006); *Matter of Acosta*, 19 I. & N. Dec. 211, 222, 236 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987).  The agency reasonably found that Ryjikov did not establish that the Israeli government was unable or unwilling to protect him from his alleged attackers.  He testified that the Israeli police visited him in the hospital to investigate.  Ryjikov conceded that he

3

did not know whether the police took additional steps to investigate, because he never followed up with the police and left Israel the next month.  A showing of government involvement or inability to control is required for a grant of asylum or withholding of removal.  The agency therefore did not err in denying Ryjikov's application.  *See Rizal*, 442 F.3d at 92; *Matter of Acosta*, 19 I. & N. Dec. at 222, 236.  Since the failure to establish government involvement or inability to control is dispositive, we do not consider Ryjikov's arguments concerning the agency's analysis of the motives of his attackers or whether the attack was serious enough to constitute persecution.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4